**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Raymond KING, Defendant–Appellant.**

**No. 86CA0078.**

Colorado Court of Appeals, Div. I.

June 16, 1988.

Rehearing Denied July 21, 1988.

Certiorari Granted (King) Nov. 28, 1988.

Duane Woodard, Atty. Gen., Robert H. Brown, Linda McMahan, Sp. Asst. Attys. Gen., Colorado Spring, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

PLANK, Judge.

· Defendant, Raymond King, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of

first degree murder for the shooting of his wife and her sister. We affirm.

King contends that the trial court erred (1) in excluding his statements to a psychiatrist who had been hired to testify at trial, (2) in refusing to permit him to re-cross-examine a witness, and (3) in allowing evidence regarding the closing of a joint bank account by his wife two days before the murders. We disagree.

King's defense was premised on the contention that he lacked the requisite mental state for first degree murder because the killings were impulsive rather than premeditated. Prior to trial, a court appointed doctor had examined King for competency, and two doctors at the State Hospital also had examined him and performed a battery of tests.

However, King hired another psychiatrist, Dr. William Ingram, for purposes of establishing a diminished capacity defense. The doctor provided an expert opinion that the killings resulted from a sudden re-direction of suicidal intentions by King to impulsive, murderous intentions towards his wife and sister-in-law. As a basis for this opinion, Dr. Ingram would have testified as to King's statements about the murders, but the court excluded the testimony pursuant to CRE 403. King did not testify at trial and his post-arrest statements to the police were suppressed because of *Miranda* violations.

■ King argues that his statements to Dr. Ingram were admissible as substantive evidence pursuant to CRE 803(4). Out-of-court statements by the defendant to a non-treating physician are admissible under CRE 803(4) as an exception to the hearsay rule. *People v. Stiles,* 692 P.2d 1124 (Colo. App.1984). However, because the motives for truth and candor may be lacking when a defendant makes statements to a non-treating physician in anticipation of his defense at trial, the defendant must demonstrate that his purpose was consistent with the rationale behind the rule and that it was reasonable for the physician to rely upon the information. Moreover, the evidence may still be excluded if it is irrelevant or if it does not satisfy the balancing

test set out in CRE 403. *People v. Stiles, supra.*

■ Here, we conclude that the trial court properly prohibited Dr. Ingram from testifying as to King's version of the murders. King retained Dr. Ingram and made his statements with the obvious purpose to establish a diminished capacity defense. The truthfulness and candor rationale for the hearsay exception is absent when such is the motivation. Under such circumstances, King may not use his psychiatrist as surrogate witness to repeat his statements while refusing to submit himself to cross-examination.

King also contends that his statements to Dr. Ingram were admissible under CRE 703 because they formed part of the basis for the expert opinion. The trial court allowed Dr. Ingram to explain his opinion by reference to some of King's statements and properly excluded testimony about further statements by King. We conclude that the court properly exercised the discretion provided by CRE 403.

■ Likewise, the scope and limits of cross-examination and re-cross-examination are committed to the discretion of the trial court. *People v. Raffaelli,* 647 P.2d 230 (Colo.1982). Here, we find no abuse of discretion when King was not permitted to re-cross-examine a witness. We also conclude that the evidence regarding the closing of the joint bank account by the deceased wife was clearly relevant to establish the deterioration of the marital relationships.

■ Finally, King contends that the trial court imposed consecutive life term sentences based upon an erroneous belief that § 18–1–105, C.R.S. (1986 Repl.Vol. 8B) made consecutive sentences mandatory and that it failed to consider the sentencing factor set forth in § 18–1–102.5, C.R.S. (1986 Repl.Vol. 8B). We disagree.

Our review of the record discloses that the trial court understood that it had discretion to impose consecutive or concurrent sentences and that it was without discretion only as to the mandatory life term for

the first degree murder convictions. In imposing consecutive life terms, the trial court properly took into account the statutory sentencing factors. At the sentencing hearing, it stated that, although King's prospects for rehabilitation were good, he had committed two murders for which he should be punished separately. That finding is amply supported by the evidence which discloses that each victim had been shot several times, that an hour had passed between the murders, and that defendant's first victim took over an hour to die while King waited to kill his wife.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.